8

Zev Shechtman (Bar No. 266280)
  *zev.shechtman@saul.com*
Steven F. Werth (Bar No. 205434)
  *steven.werth@saul.com*
Mariam Khoudari (Pro hac admission pending)
  *mariam.khoudari@saul.com*
**SAUL EWING LLP**
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Proposed Attorneys for Hronis, Inc. and
affiliated Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

<table>
<tr><td>In re<br><br>HRONIS, INC., a California corporation, et al.[1]<br><br><br>Debtors in Possession</td><td>Case No. 1:26-bk-10978<br><br>Chapter 11<br><br>DC No.:  SE-10<br><br>**APPLICATION FOR ORDER APPOINTING DONLIN, RECANO & COMPANY, LLC AS CLAIMS AND NOTICING AGENT**<br><br><u>Hearing</u>:<br><br>Date:    To Be Determined<br>Time:    To Be Determined<br>Place:    2500 Tulare Street<br>         Fresno, CA 93721<br>         Courtroom: To Be Determined<br>Judge:  To Be Determined</td></tr>
</table>

[1] The above-captioned debtor is one of ten affiliated debtors in possession which filed voluntary chapter 11 petitions, with requests for joint administration pending.  While the relief sought herein is requested for all Debtors (defined herein), the document has been filed only in the above-captioned case, pending the Court's decision on joint administration.

57146207.1
395689-00001
57146207.1

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

Hronis, Inc., a California corporation, the debtor in possession in the above-captioned case ("Hronis, Inc.") and nine affiliated debtors in possession (collectively with Hronis, Inc., the "Debtors"), [2] files this application ("Application") for an order: (a) appointing Donlin, Recano & Company, LLC ("DRC") as claims and noticing agent ("Claims And Noticing Agent") for the Debtors in this bankruptcy case effective as of March 8, 2026 (the "Petition Date") and (b) granting related relief. The Debtors request this "first day" relief pursuant to Local Bankruptcy Rule 9014-1(f)(4).

This Application is supported by the following concurrently-filed documents: (i) a memorandum in support of the Application, (ii) a declaration of Lisa Terry in support of the Application, and (iii) an omnibus declaration of Allen Soong in support of all of the Debtors' emergency motions filed in this case (the "First Day Declaration"). [3]

The Debtors are headquartered at 10443 Hronis Road in Delano, California, and all engage in a single business enterprise that does business under the name Hronis Ranch. Each of the Debtors are in chapter 11 cases pending before this Court, and each of the Debtors has filed a motion to have their bankruptcy cases jointly administered.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] The ten Debtors are: Hronis, Inc.; Hronis Capital Assets, LP, a California limited partnership; Hronis Capital Management, LLC, a California limited liability company; Hronis Citrus, LLC, a California limited liability company; Hronis Farming, LP, a California limited partnership; Hronis Fruit Company LLC, a California limited liability company; Hronis Land Company, a California general partnership; Hronis Ranch, LLC, a California limited liability company; Hronis Resource Management, LLC, a California limited liability company; and The Hronis Family Limited Partnership, a California limited partnership.

[3] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Application and the Debtors' Chapter 11 Cases, are set forth in greater detail in the First Day Declaration.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57146207.1
395689-00001     2

## BACKGROUND

The Debtors are all owned by members of the Hronis family. Their business is to grow, package, and ship table grapes and citrus. They own 3,700 acres of land and ship eight million boxes of grapes and citrus each year. Their website is *www.hronis.net*.

## RELIEF REQUESTED

The Debtors request entry of an order substantially in the form of the proposed order attached to the Exhibit List in support of this Application as **Exhibit 1**, engaging and appointing DRC as the Debtors' claims and noticing agent in this bankruptcy case effective as of the Petition Date. Among other things, DRC will be responsible for the distribution of notices, the maintenance of a case website, and the administration, maintenance, processing, and docketing of proofs of claim in the bankruptcy case. The Debtors will seek, by separate application, authority to retain DRC as administrative advisor in the bankruptcy case pursuant to 11 U.S.C. §327(a) of the Bankruptcy Code to the extent administration of this Bankruptcy Case requires Agent to perform duties outside the scope of 28 U.S.C. §156(c).

The terms of DRC's retention are set forth in the "Standard Claims Administration And Noticing Agreement (the "Engagement Agreement"), which is attached to the Exhibit List as **Exhibit 2**.

## LEGAL BASIS FOR RELIEF SOUGHT

The statutory bases for the relief requested are 28 U.S.C. §156(c), 11 U.S.C. §105(a), Federal Rules of Bankruptcy Procedure ("Rules") 2002, 5005, 6003 and 9036(c), and Local Rule of Practice for the United States Bankruptcy Court for the Eastern District of California ("LBR") 1001-1 (f) and 2014-1, 5005-1 and 9036-1(c).

28 U.S.C. §156(c) governs the staffing and expenses of the Court, and authorizes the Court to use facilities other than those of the Office of the Clerk of the Bankruptcy Court (the "Clerk's Office") to assist with the administration of a bankruptcy case.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57146207.1

395689-00001                    3

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## FACTUAL GROUNDS FOR THE RELIEF REQUESTED

### A.  Qualifications of DRC

DRC is a bankruptcy administrator specializing in claims management and legal administration services.  DRC provides comprehensive chapter 11 services, including noticing, claims processing, balloting, and other related services critical to the effective administration of these Bankruptcy Cases.

Although the Debtors have not yet filed their schedules of assets and liabilities, the Debtors anticipate that there will be numerous entities and individuals to be noticed throughout the administration of these Bankruptcy Cases.

The Debtors' matrix of creditors ("the "Creditor Matrix") contains approximately 1,300 creditors and parties in interest that may be technically entitled to receive notice of these Bankruptcy Cases.

DRC is equipped to handle the volume of mailings and claims involved in these Bankruptcy Cases. DRC is one of the country's leading chapter 11 administrators with experience in noticing, claims administration, and facilitating other administrative aspects of chapter 11 cases. DRC has developed efficient and cost-effective methods to properly handle the voluminous mailings associated with the noticing, claims processing, and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders, and all other parties in interest.

DRC has provided identical or substantially similar services in other large and complex chapter 11 cases filed in this District and elsewhere, including, among others: *In re Rizo-Lopez Foods, Inc.*, Case No. 25-25004 (Bankr. E.D. Cal. 2025); *In re The Roman Catholic Bishop of Fresno*, Case No. 25-12231 (Bankr. E.D. Cal. 2025); *In re Razzoo's, Inc., et al.*, Case No. 25-90522 (Bankr. S.D.Tex. 2025); *In re  Marin Software Incorporated*, Case No. 25-11263 (Bankr. D. Del. 2025); *In re  Corvias Campus Living - USG, LLC*, Case No. 25-11263 (Bankr. D. Del. 2025); *In re TreeSap Farms, LLC, et al.*, Case No. 25-90017 (Bankr. S.D. Tex. 2025); and *In re Onyx Owner, LLC*, Case No. 24-12816 (Bankr. D. Del 2024).

By appointing DRC as the claims and noticing agent in these cases, the distribution of notices and the processing of claims will be expedited, and the Clerk's Office will be relieved of the

57146207.1

395689-00001

administrative burden of processing what may be an overwhelming number of claims. Further, DRC has experience working with, and will continue to work with, the Clerk's Office to ensure that the services provided conform with the Court's procedures, the Local Bankruptcy Rules of the Eastern District of California, and the provisions of any orders entered by the Court.

B. Services To Be Rendered By DRC

This Application pertains only to the work to be performed by DRC under the Clerk's Office's delegation of duties permitted by 28 U.S.C. § 156(c). Any work to be formed by DRC outside of this scope is not covered by this Application or by any order granting this application.

Specifically, DRC will perform the following" tasks (the "Claims and Noticing Services") in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

a. Prepare and serve required notices and documents in these Bankruptcy Cases in accordance with the Bankruptcy Code and the Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these Bankruptcy Cases and the initial meeting of creditors under § 341(a) of the Bankruptcy Code; (ii) notices of transfers of claims; (iii) notices of objections to claims and objections to transfers of claims; (iv) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of liquidation, including under Rule 3017(d); (v) notice of the effective date of any plan; and (vi) all other notices, orders, pleadings, publications, and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these Bankruptcy Cases;

b. Maintain an official copy of the Debtors' schedules of assets and liabilities, listing creditors and the amount owed thereto;

c. Maintain (i) a consolidated list of all potential creditors, equity holdings, and other parties in interest; and (ii) a "core" mailing list consisting of all parties described in Rules 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Rule 9010 and update such lists and make them available upon request by a party in interest or the Clerk's Office;

d. Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, and notify such potential creditors of the existence, amount, and classification of their respective claims as set forth in the Debtors' schedules of assets and liabilities;

e. Maintain a post office box or address for the purpose of receiving claims and returned mail and process all mail received;

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57146207.1
395689-00001

f. For all notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk's Office an affidavit or certificate of service within seven (7) business days of service that includes (i).either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served; (ii) a list of persons to whom service was mailed (in alphabetic order) with their address; (iii) the manner of service; and (iv) the date served;

g. Process any proofs of claim received, check such processing for accuracy and maintain the original proofs of claim in a secured area;

h. Provide an electronic interface for filing proofs of claim;

i. Record all transfers of claims and provide any notices of such transfers as required by Rule 3001(e);

j. Record all of the court-filed proofs of claim with the offices of the Claims and Noticing Agent, not less than weekly;

k. Monitor the Court's docket for all requests for notice, address changes, and claims related pleadings and orders filed and make necessary notations on and/or changes to the claims register;

l. Assist in the dissemination of information to the public and respond to requests for administrative information regarding these cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

m. Thirty (30) days prior to the close of these Bankruptcy Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing the Claims and Noticing Agent and terminating its services upon completion of its duties and responsibilities at the close of this case; and

n. At the close of the chapter 11 cases, comply with all applicable laws and procedures for disposing and/or archiving claims and related documents.

C. <u>Compensation</u>

The Debtors request that the undisputed fees and expenses incurred by DRC in the performance of its duties as Claims and Noticing Agent be treated as administrative expenses of the Debtors' chapter 11 estate pursuant to 28 U.S.C. §156(c) and 11 U.S.C. §503(b)(l)(A) and be paid in the ordinary course of business without further application to or order of the Court, with provisions for notice to interested parties to raise objections to payment, in which case payments would be held pending further order of the Court.

57146207.1
395689-00001                6

On November 7, 2025, Hronis, Inc. provided DRC a retainer in the amount of $15,000. On January 9, 2026, DRC received $50,000 for pre-petition services from Conterra Holdings, LLC. DRC seeks to first apply the retainer to all prepetition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

D. Disinterestedness

As set forth in the contemporaneously filed Declaration of Lisa Terry in support of the Application, DRC is a "disinterested person" as that term is defined under 11 U.S.C. §101(14) of the Bankruptcy Code with respect to matters upon which it is to be engaged.

**IMMEDIATE ENTRY OF AN ORDER PURSUANT TO RULE 6003 AND 6004**

Rule 6003 provides that a court may issue an order granting "an application under Rule 2014" within twenty-one (21) days after the filing of a petition only to the extent relief is necessary to avoid immediate and irreparable harm.

The Debtors anticipate there will be over 1,000 parties in interest who must be notified regarding the commencement of this Bankruptcy Case. Given the complexity of the Debtors' business and the importance of instituting security protocols to protect and keep confidential the identity of certain alleged creditors of the Debtors, as well as the nature and details of their claims, the Debtors anticipate that a delay in hiring the Claims and Noticing Agent will result in a corresponding delay to the progress of this Bankruptcy Case, which will cause detriment and prejudice to all creditors and other parties in interest. The Debtors submit this satisfies the requirements for immediate entry of an order granting the requested relief.

The Debtors also request the Court to waive the stay imposed by Rule 6004(h) to the extent it is construed to apply, which provides that, "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Rule 6004(h). The retention of DRC as the Debtors' Claims and Noticing Agent is essential to noticing the approximately 1,000 creditors and other parties in interest of the commencement of this Bankruptcy Case. It is important for the Debtors to secure approval of the

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57146207.1

395689-00001

7

Debtors' retention of DRC as soon as possible to avoid any delay to the progress of this Bankruptcy Case, which will cause detriment and prejudice to all creditors and other parties in interest. Accordingly, to the extent the 14-day stay imposed by Rule 6004(h) is construed to apply, the Debtors request waiver of such stay.

## CONCLUSION

**FOR THESE REASONS**, Hronis, Inc. respectfully requests entry of an order substantially in the form attached to the Exhibit List as Exhibit 1:

1.      granting the Application,

2.      authorizing the Debtors to retain DRC as their Claims and Noticing Agent under 28 U.S.C. §156(c), effective as of the Petition Date;

3.      providing the order is effective immediately pursuant to Rule 6003 to avoid immediate and irreparable harm,

4.      waiving the 14-day stay of Rule 6004(b) to the extent such stay is construed to apply to the relief requested in the Application, and

5.      providing such other and further relief as is proper.

Dated:  March 9, 2026                    SAUL EWING LLP

By:   */s/ Zev Shechtman*
       Zev Shechtman
       Proposed Attorneys for Hronis, Inc. and
       affiliated Debtors and Debtors in Possession

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57146207.1
395689-00001                                        8