7

Zev Shechtman (Bar No. 266280)
*zev.shechtman@saul.com*
Jeffrey C. Hampton (admitted pro hac vice)
*jeffrey.hampton@saul.com*
Turner N. Falk (admitted pro hac vice)
*turner.falk@saul.com*
**SAUL EWING LLP**
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Hronis, Inc. and
affiliated Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

In re

HRONIS, INC., a California corporation,

et al.,

Debtors in Possession

Affects:

☒ ALL DEBTORS
☐ HRONIS, INC., a California corporation
☐ HRONIS CAPITAL ASSETS, LP, a California limited partnership
☐ HRONIS CAPITAL MANAGEMENT, LLC, a California limited liability company
☐ HRONIS CITRUS, LLC, a California limited liability company
☐ HRONIS FARMING, LP, a California limited partnership
☐ HRONIS FRUIT COMPANY LLC, a California limited liability company
☐ HRONIS LAND COMPANY, a California general partnership
☐ HRONIS RANCH, LLC, a California limited liability company
☐ HRONIS RESOURCE MANAGEMENT, LLC, a California limited liability company
☐ THE HRONIS FAMILY LIMITED PARTNERSHIP, a California limited partnership

Case No. 1:26-bk-10978

Chapter 11

SE-21

(Jointly Administered with Case Nos. 1:26-bk-10979, 1:26-bk-10980, 1:26-bk-10981, 1:26-bk-10982, 1:26-bk-10983, 1:26-bk-10984, 1:26-bk-10986, 1:26-bk-10987, and 1:26-bk-10988)

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

Date: June 2, 2026
Time: 9:30 a.m. (PT)
Place: U.S. Bankruptcy Court
2500 Tulare Street
Fresno, CA 93721
Courtroom 13 (5th Floor)
Judge: Hon. René Lastreto II

SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**TO THE HONORABLE RENÉ LASTRETO II, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

The above-captioned jointly-administered debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully move (the "Motion") as follows:

**RELIEF REQUESTED**

The Debtors seek entry of an order (the "Sale Order"):

i. authorizing and approving one or more sales or dispositions (collectively, the "Sale") of the Debtors' Business (as defined below) to the Stalking Horse Bidder (as defined below) and/or otherwise successful bidder(s) for the Business as a result of the sale process (the "Successful Bidder(s)"), as applicable (the "Purchaser"), free and clear of all liens, claims, interests, and encumbrances to the extent set forth in the Stalking Horse Agreement and/or asset purchase agreement(s) with the otherwise Successful Bidder(s), as applicable (the "Asset Purchase Agreement(s)");

ii. authorizing and approving the assumption and assignment of the Assigned Contracts (as defined below) as set forth in the Asset Purchase Agreement(s); and

iii. granting related relief.

This Motion is supported by the *Declaration of Allen Soong* in support of this Motion (the "Soong Declaration"), the *Declaration of Bradley Bickers* in support of this Motion (the "Bickers Declaration"), the exhibits in support of this Motion, and the memorandum of points and authorities in support of this Motion (the "Memorandum"),[1] each of which is filed concurrently herewith, and such other evidence as may be submitted at the hearing on this Motion.

**JURISDICTION AND VENUE**

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and General Order No. 182 and General Order No. 223 of the United States District Court for the Eastern District of California (the "Court"). This matter is a core proceeding pursuant to 28 U.S.C.

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Memorandum.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

§§ 157(b)(2)(A), (B), (D), (K), (M) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors consent to the Bankruptcy Court's authority to issue final orders or judgments in this matter.

**LEGAL BASIS FOR RELIEF**

The bases for the relief requested herein are sections 105, 363, and 365, of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), and Rules 2002, 4001, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "BR").

**BACKGROUND**

On March 6, 2026 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On April 24, 2026, the Court entered the *Final Order (I) Authorizing the Debtors to (a) Obtain Postpetition Operational Cash Flow Financing and (b) Use Cash Collateral; (ii) Granting (a) Liens and Providing Superpriority Administrative Claims and (b) Adequate Protection to Prepetition Secured Parties; (iii) Modifying the Automatic Stay; and (iv) Granting Related Relief* [Docket No. 258] (the "Final DIP Order") authorizing the Debtors to obtain the DIP Facility pursuant to the DIP Loan Agreement (as defined in the Final DIP Order) from Conterra Agricultural Capital, LLC (the "DIP Lender" or "Conterra").

A more detailed description of the Debtors' business and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Omnibus Declaration of Allen Soong in Support of First Day Motions* [Docket No. 41], which is incorporated herein.

**THE SALE PROCESS**

Before the Petition Date, in May 2025, the Debtors retained Ducera Partners LLC ("Ducera") as their investment banker to market the Debtors' Business for sale or recapitalization. Ducera and the Debtors developed marketing materials and began marketing substantially all assets of the Debtors (the "Business") to potential strategic and financial purchasers .

The Debtors pursued an all-inclusive marketing process, and solicited interest from potential

SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
(310) 255-6100

financial and strategic purchasers for bids for all or substantially all the Debtors' assets, on a going concern basis. In June and July 2025 the Debtors and Ducera were in close dialogue with a large strategic buyer who had initially expressed strong interest but ultimately declined to progress further due to a shift in corporate strategic priorities. Beginning in August 2025, the Debtors and Ducera contacted over 72 prospective purchasers, of which approximately 17 executed non-disclosure agreements to access the data room. Ultimately, five parties submitted indications of interest for the Debtors' assets, none of which resulted in a firm proposal. Shortly thereafter, the Debtors parted ways with Ducera in December 2025. Thereafter, the Debtors continued to pursue transactional opportunities. Ultimately, the Debtors did not receive an offer sufficient to pay off the Debtors' prepetition secured debt prior to the Petition Date.

Ultimately, as it became clear that a bankruptcy filing was necessary, the Debtors engaged in extensive negotiations with Conterra Agricultural Capital LLC ("Conterra"), their existing primary secured lender, and determined to proceed with Conterra (or its designee) as stalking horse bidder for the Business (the "Stalking Horse Bidder"). The parties' stalking horse asset purchase agreement (the "Stalking Horse Agreement") provides for, among other things: (i) a purchase price of $110,000,000, plus the outstanding amount borrowed by the Debtors under the DIP Facility, and (ii) the assumption of certain liabilities as described in the Stalking Horse Agreement (collectively, the "Stalking Horse Bid").

Shortly before the Petition Date, the Debtors engaged MD Graham & Associates, Inc. d/b/a GBB Advisors & Graham and Associates ("GBB") as their broker and sale advisor to continue the marketing process that was begun prepetition. GBB and the Debtors generated updated marketing materials based upon changes in circumstances and the initiation of these chapter 11 cases. GBB's retention by the Debtors was approved by the Court by Order dated April 24, 2026 [Docket No. 260].

On March 20, 2026, the Debtors filed a motion for, among other things, approval of (i) proposed bidding procedures and established deadlines for the postpetition sale process, (ii) certain bid protections with respect to a competing stalking horse bid, and (iii) procedures for the assumption and assignment of certain executory contracts and unexpired leases in connection with

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

the Sale(s) (Docket No. 104) (the "Bidding Procedures Motion").[2]

On April 24, 2026, the Court entered an order granting the Bidding Procedures Motion (D.I. 253) (the "Bidding Procedures Order"). Among other things, the Bidding Procedures Order established the following key deadlines in connection with the sale process:

| Deadline | Date |
|---|---|
| Sale Objection Deadline | May 19, 2026 (21 days from the service of the Sale Notice), 4:00 p.m. (PT) |
| Cure Objection Deadline | May 22, 2026 (21 days from the service of the Assumption and Assignment Notice), 4:00 p.m. (PT) |
| Bid Deadline | May 22, 2026, 5:00 p.m. (PT) |
| Auction | May 27, commencing at 10:00 a.m. (PT) |
| Sale Hearing | June 2, 2026, at 9:30 a.m. (PT) |

The Bidding Procedures Order further approved the Debtors' proposed sale process and bidding procedures, including the form and manner of notice of the Auction, the Sale and the Sale Hearing (the "Sale Notice") attached as Exhibit 2 to the Bidding Procedures Order. In accordance with the Bidding Procedures Order, the Debtors filed and served the Sale Notice on April 28, 2026 [Docket No. 266], on the following parties or their respective counsel if known: (i) all parties listed on the Debtors' master mailing matrix; (ii) all parties who receive electronic notice in these cases, including counsel for Conterra, counsel for the Committee, the United States Trustee, and others; (iii) all persons known by the Debtors to assert a lien on any of the assets of the Business; and (iv) all persons known or reasonably believed to have expressed an interest in acquiring all or a substantial portion of the Business. The Debtors are also in the process of publishing the Sale Notice in national and local newspapers as described in the Bidding Procedures Motion.

The Bidding Procedures Order further approved assumption and assignment procedures regarding the executory contracts and unexpired leases to be potentially assumed by the Debtors

[2] Capitalized terms used but not defined herein are defined in the Bidding Procedures Motion.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

pursuant to section 365(b) of the Bankruptcy Code and assigned to the Successful Bidder(s) pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale(s) (the "Assigned Contracts"). In accordance with the Bidding Procedures Order, the Debtors have filed the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "Assumption and Assignment Notice"), identifying potential contracts to be assumed and assigned in connection with the sale process, along with the amount, if any, that the Debtors believe is required to be paid to the applicable non-debtor contract counterparty to cure any defaults arising under the contract pursuant to section 365(b)(1) of the Bankruptcy Code for each of the identified contracts (the "Cure Cost"), and notifying contract counterparties of the Contract Objection Deadline.

As detailed in the Bidding Procedures Motion, the Debtors intend to conduct a competitive postpetition sale process to maximize the value of their estates for creditors and other stakeholders. To that end, the Debtors and GBB are working diligently to conduct the sale process in an efficient and value-maximizing manner. With the sale process underway, the Debtors file this Motion to effectuate one or more sale transactions to the Stalking Horse Bidder and/or other Successful Bidder(s), subject to the Bidding Procedures Order and to be heard at the scheduled Sale Hearing in these chapter 11 cases.

For the reasons set forth above and in the Memorandum, the Debtors request that the Court enter an order approving the sale to the Successful Bidder(s).

**NOTICE**

This Motion and all documents filed in connection herewith will be given to the following parties, or, in lieu thereof, to their counsel: (i) the Office of the United States Trustee for the Eastern District of California; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) counsel to Conterra; (iv) the United States Attorney for the Eastern District of California; (v) the offices of the attorneys general for the states in which the Debtors operate; (vi) all taxing authorities having jurisdiction over any of the assets of the Business, including the Internal Revenue Service; (vii) all persons known by the Debtors to assert a lien on any of the assets of the Business; (viii) all persons known or reasonably believed to have expressed an interest in acquiring all or a substantial

portion of the Business or its assets; (ix) the office of the Secretary of State in each state in which the Debtors have operated; (x) all environmental authorities having jurisdiction over any of the assets of the Business; (xi) counsel to the Official Committee of Unsecured Creditors; and (xii) any party that has requested notice pursuant to LBR 2018-1. Notice of this Motion will be served upon all other creditors on the mailing matrix. In light of the nature of the relief requested, the Debtors submit the no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of the Sale Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: May 5, 2026

SAUL EWING LLP

By: */s/ Zev Shechtman*
Zev Shechtman
Attorneys for Hronis, Inc. and
affiliated Debtors and Debtors in Possession

SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
(310) 255-6100